UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEIVA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>IDALBERTO ZALDIVAR-GALVES,<br><br>　　　　　　Defendant. | Case No.: 1:23-cv-00986-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of Court to Assign District Judge |

**I.　　BACKGROUND**

Plaintiff Eddie Leiva initiated this action with the filing of his complaint on June 30, 2023. (Doc. 1.) That same date, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2.) In his motion, Plaintiff failed to answer whether he was currently employed. (*Id*. at 1.) Plaintiff indicated he has not received any money from the following sources: a business, profession or other self-employment; rent, payments, interest or dividends; pensions, annuities or life insurance payments; disability or workers compensation payments; gifts or inheritances; or any other sources. (*Id*.) Plaintiff also indicated he had no cash, and did not own any real estate, stocks, bonds, securities, or other financial instruments, automobiles or other valuable property. (*Id.* at 2.) He also denied having any other assets. (*Id*.)

//

According to the certified account statement submitted by the California Department of Corrections and Rehabilitation, Plaintiff had $7,129.80 in his inmate trust account as of January 1, 2023. (Doc. 6.) As of July 3, 2023, Plaintiff had $3,376.39 in his account. (*Id*.) Plaintiff has no outstanding restitution fines nor are there any other obligations or encumbrances on his account. (*Id*. at 2.)

## II.     DISCUSSION

Proceeding IFP "is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). Although an IFP applicant need not be "destitute," a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339-40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient). Thus, a plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002).

The courts are inclined to reject IFP applications where an applicant can pay the filing fee with an acceptable sacrifice to other expenses. *See, e.g*., *Casey v. Haddad*, No. 1:21-CV-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), report and recommendation adopted, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021) (prior balance of $1000, despite its decrease to $470 shortly before filing action sufficient to pay $402 filing fee); *Riddell v. Frye*, No. 1:21-CV-01065-SAB-PC, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021), report and recommendation adopted, No. 1:21-CV-01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021) (available balance of $1297.21 sufficient to pay $402 filing fee and denying IFP); *Allen v. Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (despite plaintiff initially being permitted to proceed IFP, ordering plaintiff to pay $120 filing fee in full out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP because "plaintiff possessed savings of $450 and the court correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action").

Here, Plaintiff fails to show he is indigent. *Adkins*, 335 U.S. at 339-40; *McQuade*, 647

F.2d at 940. He can pay the filing fee without any sacrifice to other expenses. *Casey*, 2021 WL 2954009, at *1. Further, although the source of Plaintiff's funds is unclear, even assuming Plaintiff received funds from the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), there is no reason this Court should not consider such deposits for purposes of determining Plaintiff's indigency. The Court is also unaware of binding precedent that prevents "stimulus checks" from being included when making an indigency determination. To the contrary, other courts in this district have included those funds when making the determination. *See, e.g.*, *Hammler v. Zydus Pharmacy*, No. 1:21-cv-00343-NONE-JLT (PC), 2021 WL 3048380, at *1-2 (E.D. Cal. July 20, 2021) (considering the plaintiff's "economic impact payments" when determining that the plaintiff was "financially able to pay the filing fee"); *Corral v. California Highway Patrol*, No. 1:21-cv-00822-DAD-JLT, 2021 WL 2268877, at *1 (E.D. Cal. June 3, 2021), report and recommendation adopted, No. 1:21-cv-00822-DAD-JLT, 2021 WL 3488309 (E.D. Cal. Aug. 9, 2021) (considering stimulus payments in finding plaintiff not entitled to proceed IFP).

In sum, Plaintiff has sufficient funds to pay the filing fee for this action. He had more than adequate funds of at least $3,376.39 to pay the filing fee when he filed his motion to proceed IFP, and he had significantly more than that amount as of January 2023.

**III.   ORDER AND RECOMMENDATIONS**

The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

Further, for the reasons stated above, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed IFP (Doc. 2) be **DENIED;** and
2. Plaintiff be ordered to pay the $402.00 filing fee in full.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

*Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 7, 2023**__          /s/ *Sheila K. Oberto*          
                                      UNITED STATES MAGISTRATE JUDGE