1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   EDDIE LEIVA,                          Case No.: 1:23-cv-00986-JLT-SKO (PC)

12              Plaintiff,                  **FIRST SCREENING ORDER**

13        v.

14   IDALBERTO ZALDIVAR-GALVES,

15              Defendant.

16

17        Plaintiff Eddie Leiva is a state prisoner proceeding pro se in this action brought pursuant

18   to 42 U.S.C. § 1983.

19   **I.       SCREENING REQUIREMENT**

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

22   The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

23   fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

24   who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

25   it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

26   theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27   //

28   //

## II.   PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

1    section 1983, a plaintiff must show a causal connection or link between the actions of the

2    defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

3    423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

4    deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

5    act, participates in another's affirmative acts, or omits to perform an act which he is legal required

6    to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,

7    743 (9th Cir. 1978) (citation omitted).

8        **III.    DISCUSSION**

9            **A. Plaintiff's Complaint**

10       Plaintiff names Idalberto Zaldivar-Galves as the sole defendant in this action. (Doc. 1 at 1-

11   2.) He seeks the issuance of "effective pain medications," compensatory and punitive damages,

12   costs of suit and attorney's fees,[1] and any other relief the Court deems appropriate. (*Id*. at 11.)

13           **B. Factual Allegations**

14       Plaintiff contends he informed Defendant Zaldivar-Galves he was in "excruciating pain

15   and non-stop burping." He complained about severe pain to Defendant for about 16 months.

16   Plaintiff alleges the Defendant had access to his medical records and had knowledge of Plaintiff's

17   medical history. Plaintiff contends Defendant took no action other than to advise Plaintiff "all this

18   was from his mind and that he will be referred to mental health." Plaintiff asserts he was in

19   "wanton and unnecessary pain" and at serious medical risk because Defendant ignored his

20   complaints and denied him effective treatment. Plaintiff alleges Defendant "failed to investigate

21   [his] condition" and failed to provide proper medical attention to "properly diagnose fully of

22   Plaintiff's injuries that further delayed Plaintiff's medical needs." Plaintiff suffered from severe

23   "excruciating" stomach pain and "non-stop burping for approximately 7 months. Plaintiff

24   contends after "16 months of pain and burping, a specialist, R. Rajeev, M.D., who found Plaintiff

25   has a small hiatal hernia, saw plaintiff." Plaintiff states that at "the GE junction, there was a

26   polypoid lesion and this lesion was removed with hot biopsy, in a sense polypectomy." (*See* Doc.

27   ─────────────

28   [1] Plaintiff, who is proceeding pro se, is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

3

1 at 7-9.) Additionally, Plaintiff asserts he has exhausted his administrative remedies. (*Id.* at 10.)

### C. Eighth Amendment Deliberate Indifference to Serious Medical Needs

Plaintiff asserts an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Zaldivar-Galves. (Doc. 1 at 10.)

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain'").

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or

safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

Here, liberally construing the complaint, Plaintiff states a cognizable Eighth Amendment deliberate indifference to serious medical needs claim. Plaintiff meets the first objective prong of the deliberate indifference test by alleging the presence of a medical condition that significantly affects his daily activities and the existence of chronic and substantial pain—continuing severe stomach pain and "non-stop burping." *Colwell*, 763 F.3d at 1066. Plaintiff meets the second, subjective prong of the applicable test by alleging Defendant Zaldivar-Galves failed to respond to Plaintiff's pain or possible medical need, with knowledge of that need, and that he was harmed by Defendant's indifference. *Wilhelm*, 680 F.3d at 1122.

**IV.     CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds Plaintiff states a cognizable Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Zaldivar-Galves. The Court will issue a separate order directing service of the complaint.

IT IS SO ORDERED.

Dated:   **November 13, 2023**                        _/s/ Sheila K. Oberto_
                                                        UNITED STATES MAGISTRATE JUDGE

6