UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEIVA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IDALBERTO ZALDIVAR-GALVES,<br><br>　　　　　　Defendant. | Case No.: 1:23-cv-00986-JLT-SKO (PC)<br><br>**ORDER REQUIRING DEFENDANT TO SUBMIT PROOF OF SERVICE RE SUGGESTION OF DEATH**<br><br>(Doc. 19)<br><br>**30-DAY DEADLINE** |

Plaintiff Eddie Leiva was a state prisoner proceeding pro se in this action brought pursuant to 42 U.S.C. § 1983.

**I.　　BACKGROUND**

Following screening of the complaint, Defendant Idalberto Zaldivar-Galves was served on November 20, 2023, and a responsive pleading was due within 60 days. (Doc. 15.)

On January 16, 2024, Defendant filed an Ex Parte Application for Extension of Time to Respond to the Complaint. (Doc. 16.) In the supporting Declaration of Matthew R. Wilson, defense counsel stated that his office was advised by the California Department of Corrections and Rehabilitation that Plaintiff died on or about December 26, 2023. (*Id*. at 2, ¶ 2.) Counsel stated he must research Plaintiff's potential successors in interest and assess the impact of Plaintiff's recent death on the claims and defenses in this action. (*Id*. at 2-3, ¶ 3.)

//

On January 18, 2024, the Court granted Defendant an extension of time to February 15, 2024, within which to file a responsive pleading. (Doc. 17.)

On January 29, 2024, the United States Postal Service returned the Court's January 18, 2024 order, served to Plaintiff at the California Substance Abuse Treatment Facility in Corcoran, California. The envelope was marked "Undeliverable, Deceased; Not at CSATF."

On February 14, 2024, Defendant Zaldivar-Galves filed an answer to Plaintiff's complaint. (Doc. 18.) That same date, Defendant filed a Notice of Death of Plaintiff Eddie Leiva. (Doc. 19.)

## II.     DISCUSSION

Rule 25(a)(1) provides for the dismissal of this action if a motion for substitution is not made within ninety days after service of a statement noting a plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Thus, a party may be served with the suggestion of death by service on his or her attorney as provided for in Rule 5, while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided for in Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.

Rule 4 states a summons may be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by doing any of the following: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In California, service of a summons may be effected by personal delivery, California Civil Procedure Code § 415.10, by leaving a copy of the summons at an office or residence with an appropriate person and thereafter mailing another copy

to the same individual at the same address, § 415.20, by mail, § 415.30, or by publication, § 415.50. Additionally, failing these methods, a court may order a summons be served "in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. P. Code § 413.30.

Defendant has identified Plaintiff's mother Marina Torres, his wife Paula McKiness, and his daughter Lisa Marie McKiness as potential non-party successors in interest. (Doc. 19 at 2.) Defendant must also effectuate personal service[1] on all those individuals to commence the ninety-day period in which Plaintiff's successors may seek substitution. *See Barlow*, 39 F.3d at 233; *see, e.g.*, *Kindred v. Cabrera*, No. 1:19-cv-00901-JLT-CDB (PC), 2023 WL 3045728, at *1 (E.D. Cal. Apr. 21, 2023) (recommending dismissal after non-party successors in interest personally served and no motion to substitute was filed within 90 days); *Rodriguez v. Hefflefinger*, No. 1:13-cv-00231-DAD-GSA, 2017 WL 900731, at *1 (E.D. Cal. Mar. 6, 2017) (dismissing case following personal service to non-party successors where no motion for substitution was filed after 90 days); *Summerfield v. Fackrell*, No. 2:10-28841 WBS EFB, 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties).

### III.    CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**, that Defendant SHALL file a proof of service on Plaintiff's nonparty successors or representatives within thirty (30) days from the date of service of this order.

//

//

//

---

[1] If Defendant is unable to effect personal service despite repeated attempts, he may complete service via alternate means, as identified herein. If Defendant cannot accomplish service by any of the methods specifically listed above, the Federal Rules of Civil Procedure incorporate a California statute which allows for the court to order service in any manner reasonably calculated to give actual notice to the person being served. *See* Fed. R. Civ. P. 4(e); Cal. Civ. P. Code § 413.30. Defendant may seek leave to effectuate service in such a manner if he is able to demonstrate inability to complete service in one of the ways set forth in the governing rules and state statutes identified in this order.

1   Should Defendant require additional time within which to comply with this order,
2  Defendant should seek an extension of time that provides the Court with the status of the service
3  efforts made to date.

IT IS SO ORDERED.

Dated:   **February 15, 2024**                    /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

4