UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEIVA,<br><br>             Plaintiff,<br><br>    v.<br><br>IDALBERTO ZALDIVAR-GALVES,<br><br>             Defendant. | Case No.: 1:23-cv-00986-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE**<br><br>(Docs. 19, 21, 22, 23)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Eddie Leiva, a former prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 30, 2023.

**I.     INTRODUCTION**

Following screening of the complaint, Defendant Idalberto Zaldivar-Galves was served on November 20, 2023, and a responsive pleading was due within 60 days. (Doc. 15.)

On January 16, 2024, Defendant filed an Ex Parte Application for Extension of Time to Respond to the Complaint. (Doc. 16.) In a supporting declaration, defense counsel stated that his office was advised by the California Department of Corrections and Rehabilitation that Plaintiff died on or about December 26, 2023. (*Id*. at 2, ¶ 2.) Counsel stated he must research Plaintiff's potential successors in interest and assess the impact of Plaintiff's recent death on the claims and defenses in this action. (*Id*. at 2-3, ¶ 3.)

//

1    On January 18, 2024, the Court granted Defendant an extension of time to February 15,
2    2024, within which to file a responsive pleading. (Doc. 17.)
3    On January 29, 2024, the United States Postal Service returned the Court's January 18,
4    2024 order, served to Plaintiff at the California Substance Abuse Treatment Facility in Corcoran,
5    California. The envelope was marked "Undeliverable, Deceased; Not at CSATF."
6    On February 14, 2024, Defendant Zaldivar-Galves filed an answer to Plaintiff's
7    complaint, and a Notice of Death of Plaintiff Eddie Leiva. (Docs. 18, 19.) The notice indicates
8    Plaintiff "designated Marina Torres (mother), Paula McKiness (wife), and Lisa Marie McKiness
9    (daughter) as the persons to notify in the event of his death." (*Id*. at 2.)
10   On February 15, 2024, the Court issued its Order Requiring Defendant to Submit Proof of
11   Service re Suggestion of Death. (Doc. 20.) Defendant was to file a proof of service on Plaintiff's
12   nonparty successors or representatives within 30 days (*Id*. at 3), and filed three proofs of service
13   on February 27, 2024. (Docs. 21-23.)

14   **II.    DISCUSSION**

15   Rule 25 of the Federal Rules of Civil Procedure governs the substitution of a party who
16   has died:

17   > If a party dies and the claim is not extinguished, the court may order
18   > substitution of the proper party. A motion for substitution may be
19   > made by any party or by the decedent's successor or representative.
20   > If the motion is not made within 90 days after service of a statement
     > noting the death, the action by or against the decedent must be
     > dismissed.

21   Fed. R. Civ. P. 25(a). The 90-day period for substitution is triggered once a party places on the
22   record a notice or suggestion of death and serves a suggestion of death on other parties and
23   nonparty successors or representatives of the deceased. Fed. R. Civ. P. 25(a)(1); *Barlow v.*
24   *Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Non-party successors or representatives of the
25   deceased party must be served the suggestion of death in the manner provided by Rule 4 for the
26   service of a summons. *Id*. at 232–34.
27   On February 27, 2024, counsel for Defendant filed three proof of service documents
28   indicating Plaintiff's successors Paula McKiness, Marina Torres, and Lisa Marie McKiness, were

personally served with the Notice of Death of Plaintiff Eddie Leiva, at 8151 Orange Street in Downey, California, on February 19, 2024. (*See* Docs. 21-23.) Thus, Defendant satisfied his obligations under Rule 25(a).

Following the personal service of February 19, 2024, more than 90 days have passed, and no one has filed a motion for substitution as required by Rule 25(a). District courts have the discretion to dismiss a case with or without prejudice when no one files a notice of substitution under Rule 25(a). *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1095 (9th Cir. 2017). Under the circumstances of this case, where the deceased party's next of kin did not file a timely motion to substitute after personal service of a notice of death, this action should be dismissed without prejudice.

### III.     CONCLUSION AND RECOMMENDATION

For the reasons given above, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice for non-substitution of a deceased party under Rule 25(a); and
2. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 23, 2024**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE